IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDOULAYE BARRY, | : | No. 3:25cv960 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN GREENE, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Abdoulaye Barry ("Barry") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Barry challenges the decision of the Federal Bureau of Prisons ("BOP") to exclude him from consideration for placement in a Residential Re-entry Center ("RRC") or home confinement pursuant to 18 U.S.C. § 3632(d)(4)(c), due to his alien status. (Id. at 6; Doc. 1-1). The petition is ripe for disposition and, for the reasons set forth below, the court will dismiss the habeas petition without prejudice based on Barry's failure to exhaust the available administrative remedies.

I.    **Background**

On February 10, 2023, following a jury trial in the United States District Court for the Northern District of Georgia, Barry was found guilty of access device fraud, conspiracy to commit access device fraud, and aggravated identity

theft.  See United States v. Barry, No. 1:21-cr-385 (N.D. Ga.), Doc. 194.  On

June 21, 2023, Barry was sentenced to a 69-month term of imprisonment.  See

id., Doc. 234.  According to the BOP's Inmate Locator, Barry has a projected

release date of April 1, 2027.  See https://www.bop.gov/inmateloc/.

The Administrative Remedy Generalized Retrieval reveals that, while in

BOP custody, Barry has filed four administrative remedies.  (Doc. 7-4,

Administrative Remedy Generalized Retrieval).  Of those four administrative

remedies, only one—number 1239811-F1—concerns the claims raised in the

instant habeas petition.  (Id. at 4).  The remedy was denied at the institution level

and Barry did not file an appeal to the Regional or Central Offices.  (Id.).

## II.    Discussion

While there is no statutory exhaustion requirement for habeas corpus

petitions brought pursuant to Section 2241, the Third Circuit has recognized that

"[f]ederal prisoners are ordinarily required to exhaust their administrative

remedies before petitioning for a writ of habeas corpus pursuant to [Section]

2241."  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)

(citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).

Exhaustion is required because: "(1) allowing the appropriate agency to develop

a factual record and apply its expertise facilitates judicial review; (2) permitting

agencies to grant the relief requested conserves judicial resources; and (3)

providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to

3

the Regional Director, using the appropriate form. See id. § 542.15(a). And,

finally, if the inmate is not satisfied with the Regional Director's response, then

the inmate shall submit an appeal to the Office of the General Counsel, located in

the BOP Central Office, using the appropriate form. See id. An inmate is not

deemed to have exhausted his administrative remedies until his complaint has

been pursued at all levels. See id. (explaining that an "[a]ppeal to the General

Counsel is the final administrative appeal").

Here, the record reflects that, although Barry filed one administrative

remedy concerning FSA eligibility—number 1239811-F1—he undisputably failed

to properly exhaust that remedy. (See Doc. 7-4). Barry's Administrative Remedy

Generalized Retrieval report demonstrates that he never appealed the denial of

administrative remedy 1239811-F1 to the Regional or Central Offices—the

necessary steps to fully exhaust his administrative remedy. (Id.; see also Doc. 7-

2, Declaration of M. Forsburg, BOP Case Manager, at 3 ¶ 5). Rather than

comply with the exhaustion requirements, Barry bypassed the statutorily

mandated procedures and, instead, filed the instant habeas petition in federal

court.

Barry concedes his failure to exhaust and admits that he did not file a final

appeal of the relevant administrative remedy. (Doc. 1, at 3; Doc. 1-1, at 1).

Barry does not offer any argument that exhaustion should be excused. Further,

4

Barry has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this court to find that exhaustion of administrative remedies would subject him to irreparable injury. Additionally, Barry was put on notice regarding his failure to exhaust administrative remedies by respondent's answer and he had an opportunity to address exhaustion and present arguments on his behalf in his reply. Barry chose not to file a traverse. Barry has thus failed to set forth any basis to circumvent the prudential exhaustion requirement for Section 2241 petitions.

The court finds that Barry's claim must first be presented to BOP officials and fully exhausted. Because Barry did not fully exhaust his administrative remedies before petitioning this court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

III.    **Conclusion**

Consistent with the foregoing, the court will dismiss the petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  An appropriate order

shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    July ⌇⌇, 2025

6